UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SARA T., | Case No. 26-CV-0462 (PJS/JDF) |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, Attorney General of the United States; KRISTI NOEM, Secretary of the United States Department of Homeland Security; TODD M. LYONS, Acting Director of the United States Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; in their official capacities, | |
| Respondents. | |

E. Michelle Drake, John G. Albanese, and Marika Kaitlin O'Connor Grant, BERGER MONTAGUE PC, for petitioner.

Ana H. Voss and David W. Fuller, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Sara T.'s petition for a writ of habeas corpus.[1] Sara, a citizen of Eritrea, was lawfully admitted to the United States as a refugee on September 17, 2024. V. Pet. ¶¶ 1, 3. According to her petition, Sara has applied for adjustment of status, but it is unclear when she did so. *Id.* ¶ 47. Sara was

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

detained by Immigration and Customs Enforcement ("ICE") on January 20, 2026, outside of her home in Little Canada, Minnesota. *Id.* ¶ 5. Following her detention, Sara filed this habeas action.

Respondents take the position that Sara is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because she failed to adjust her status from refugee to lawful permanent resident one year after entry as required by 8 U.S.C. § 1159(a). According to § 1159(a):

> Any alien who has been admitted to the United States under [8 U.S.C.] § 1157 [as was Sara] . . . who has been physically present in the United States for at least one year, and . . . who has not acquired permanent resident status, shall, at the end of such year period, return or be returned to the custody of the Department of Homeland Security *for inspection and examination* for admission to the United States as an immigrant in accordance with the provisions of sections 1225, 1229a, and 1231 of this title.

8 U.S.C. § 1159(a) (emphasis added); *see also* 8 C.F.R. § 209.1 (describing the requirement); 8 C.F.R. § 207.9 (noting that if the government intends to terminate an alien's refugee status, the alien must be provided notice and 30 days to respond).

The government asserts that because Sara was detained by ICE "well over a year after her arrival," Sara is subject to mandatory detention under § 1225(b)(2).[2] ECF No. 5

---

[2] It is undisputed that Sara is not subject to a final removal order, and thus cannot be detained under 8 U.S.C. § 1231. It is also undisputed that Sara has not been placed in removal proceedings under 8 U.S.C. § 1229(a).

at 2. If an alien in Sara's position fails to adjust her status after one year of physical presence, she may be arrested and *briefly* detained. ICE requires its agents to either release an unadjusted refugee from custody or bring charges of removability "no later than 48 hours after the arrest." *See* U.S. Immigr. & Customs Enf't, Policy Mem., *Detention of Refugees Admitted Under INA § 207 Who Have Failed to Adjust to Lawful Permanent Resident Status*, PM-11039.1, at 2 (May 10, 2010) ("ICE Mem."). As ICE itself has instructed its agents, § 1159(a) authorizes a return to government custody only "for inspection and examination." According to ICE, "[f]ailure by [refugees] to apply for adjustment of status . . . is not a sufficient ground to place them in removal proceedings, and therefore *not a proper basis for detaining them*." ICE Mem. at 2 (emphasis added); *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954) (requiring administrative agencies to act consistently with internal policy).

Sara has been in custody without inspection or examination for over 48 hours. The government has not addressed its obligation to conduct an inspection or examination. Thus, the Court agrees with Judge Jerry Blackwell that, without any further showing from the government, Sara's "continued detention ceases to serve the only purpose for which § 1159 permits custody"—inspection and examination. *See E.E. v. Bondi*, 26-CV-0314 (JWB/DTS), ECF No. 7 at 8 (D. Minn. Jan. 17, 2026), *vacated as moot*, ECF No. 12 (D. Minn. Jan. 22, 2026) (granting a consent motion to vacate the court's

prior order as moot because petitioner was released from custody before the order was issued).

As to remedy:  In her reply, Sara alleges that her arrest was warrantless.  ECF No. 6 at 30–32.  Sara correctly asserts that an immigration officer may not conduct a warrantless arrest unless he or she reasonably believes that an alien is both in the United States illegally and likely to escape before a warrant can be obtained.  *Id.* at 31 (quoting 8 U.S.C. § 1357(a)(2) (enumerating the powers of immigration officers to act without a warrant)); *see also* 8 C.F.R. § 287.8(c)(2)(i)–(ii) (same).  The Eighth Circuit applies a probable-cause standard to warrantless arrests made under 8 U.S.C. § 1357(a)(2).  *United States v. Puebla-Zamora*, 996 F.3d 535, 538 (8th Cir. 2021).

Respondents were ordered to include with their answer "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention."  ECF No. 3 at 2.  Respondents' answer included no affidavits, no exhibits, and no mention of a warrant.  *See generally* ECF No. 5.  Based on this record, the Court concludes that the officer who arrested Sara did not have probable cause to believe that Sara was in the United States in violation of the law; to the contrary, Sara was a lawfully-admitted refugee who could be "return[ed]" to government custody only briefly and only for "inspection and examination" for admission.  *See* 8 U.S.C. § 1159(a).

Even if Sara had violated the law by failing to timely adjust her refugee status, there is no evidence that Sara was likely to escape before an immigration officer could obtain a warrant. Rather, Sara was lawfully admitted, her application for adjustment of status was being processed, and she lived and worked in Minnesota; there was no reason to believe that Sara would flee. Thus, Sara's warrantless arrest was unlawful, and release is warranted. *Cf. A.B.D., C.C.S. v. Wamsley*, No. 25-CV-2014, 2026 WL 178306, at *11–13 (D. Or. Jan. 22, 2026) (holding that warrantless arrests lacking probable cause as required by 8 U.S.C. § 1357(a)(2) exceed the authorized scope of agency power under 5 U.S.C. § 706; violate the Immigration and Nationality Act, the Administrative Procedure Act, and the Fourth Amendment; and that immediate release from all custody measures is the appropriate remedy).

For these reasons, the Court will grant Sara's petition and order her immediate release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. If petitioner is in Minnesota, respondents must immediately release petitioner from custody. If petitioner is not in Minnesota, respondents

must immediately return petitioner to Minnesota and, after she arrives, immediately release her from custody.

3. The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 29, 2026 /s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court